COPY

1   Anthony L. Lanza, Bar No. 156703
    Susan R. Loh, Bar No. 174246
2   LANZA & GOOLSBY
    A Professional Law Corporation
3   3 Park Plaza, Suite 1650
    Irvine, California 92614-8540
4   Telephone (949) 221-0490
    Facsimile (949) 221-0027
5
    Attorneys for Plaintiff
6   Dianne Smith

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

                   ED   CV   09  -   00103      RCx
10

11  DIANNE SMITH, an individual,          )   Case No.:
                                          )
12                Plaintiff               )   **COMPLAINT FOR:**
                                          )
13  vs.                                   )   **1) BREACH OF FIDUCIARY DUTY
                                          )   AS TO 401K PLAN UNDER ERISA**
14                                        )
    WESTECH INDUSTRIES, INC.; GOLD        )   **2) BREACH OF FIDUCIARY DUTY
15  STAR EQUIPMENT RENTALS, INC.;         )   UNDER ERISA ON BEHALF OF
    LEON WAYNE MCCURLEY, an               )   WESTECH/GOLD STAR 401K PLAN**
16  individual; RUBY MCCURLEY, an         )
    individual; KELLIE SHELTON, an        )   **3) BREACH OF FIDUCIARY DUTY
17                                        )   AS TO HEALTH BENEFIT PLAN
    individual; CAPPY PROBERT, an         )   UNDER ERISA**
18  individual; WESTECH/GOLD STAR         )
    401K PLAN (PLAN No. 342062-01);       )   **4) RECOVERY OF PLAN BENEFITS
19                                        )   PURSUANT TO 29 USC SECTION
    WESTECH/GOLD STAR GROUP               )   1132(a)(1)(B)**
20  HEALTH PLAN (BLUE CROSS               )
    GROUP PLAN NO. 56434A);               )   **5) INTERFERENCE WITH
21                                        )   PROTECTED RIGHTS UNDER
    AMERICAN FUNDS DISTRIBUTORS,          )   ERISA**
22  INC.; and DOES 1 through 50, inclusive,)
                                          )   **6) STATUTORY AND CIVIL
23                                        )   PENALTIES FOR VIOLATION OF
                Defendants.               )   COBRA NOTIFICATION
24                                        )   REQUIREMENTS**
                                          )
25  _____ )

26
         Plaintiff Dianne Smith hereby alleges as follows:
27

28                                    1

                              COMPLAINT

X:\D\387-02\Pleadings\ERISA complaint.DOC

7.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Cappy Probert is an individual who resides in or near Apple Valley, California, and has served at certain relevant time periods as the plan administrator for the Health Benefit Plan described herein.

8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Westech/Gold Star 401K Plan, Plan No. 342062-01 ("the 401K Plan") is a retirement benefits plan with American Funds Distributors, Inc. established for the employees of Westech and Gold Star. Plaintiff is also informed and believes, and based thereon alleges, that Defendant Westech/Gold Star Group Health Plan (Blue Cross Group No. 56434A) ("the Health Benefit Plan"), is that HMO group plan with Blue Cross of California established for the employees of Westech and Gold Star. Plaintiff is further informed and believes, and based thereon alleges, that Defendant American Funds Distributors, Inc. ("American Funds") is an investment management company and a California Corporation with a business address located in Los Angeles County, California.

9.      Plaintiff is unaware of the true names and capacities, whether individual, associate, corporate, partnership, or otherwise, of defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of said defendants if and when such names are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the Doe defendants named herein is in some manner responsible for the acts, conduct, loss and damages alleged herein or is otherwise a Plan, fund, plan administrator, fiduciary, trustee or agent governed by ERISA Section 502 et seq. or 29 USC Section 1132 et seq. On further information

3

COMPLAINT

and belief, at all relevant times, certain defendants and Doe defendants were acting as the agents, servants, employees, affiliates, partners, and/or principals of the other defendants. All references herein to "defendants" are references to the named defendants as well as, where appropriate, the Doe defendants.

10.   This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461 over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

11.   Venue is proper in this District in that most defendants are found here and the acts complained of occurred in this District.

## FACTUAL BACKGROUND

12.   Westech and Gold Star were founded by Wayne McCurley. Plaintiff is informed and believes, and based thereon alleges, that Westech was formed in 1996, with its principal place of business in Apple Valley, California. Plaintiff is also informed and believes, and based thereon alleges, that Westech also has offices in Galt, Redding, Bishop and Ridgecrest, California. Westech is principally in the business of providing telecommunications services, including utility services and excavating. Plaintiff is further informed and believes, and based thereon alleges, that Gold Star was incorporated in 1997, with its principal place of business in Apple Valley, California. Gold Star is principally in the business of renting equipment, trucks and tools to individual and commercial customers.

13.   In or about 1992, Hutchins Communications (Westech's predecessor) hired Dianne as its office assistant, then promoted her to bookkeeper and officer manager, a position she retained when Wayne McCurley formed Westech. In 1996, Wayne McCurley appointed Dianne to serve as Westech's Secretary and Treasurer.

4

In 1997, Wayne McCurley also appointed Dianne as Chief Financial Officer of Gold Star.  While Dianne held the position of CFO of Gold Star, she was not involved in the day to day financial operations of the company.  Other members of Dianne's family also worked for the companies in various capacities, including Dianne's husband Charles who was general manager of Gold Star, and Dianne's daughter Shanyn Smith who performed bookkeeping assignments for Westech and later Gold Star.

14.    In approximately early 2000, Wayne McCurley agreed to pay Dianne ten percent (10%) of Westech's annual profits in addition to her salary (the "Profit Sharing Agreement").  In addition to her profit sharing interest in Westech, in early 2000, Wayne McCurley agreed to pay Dianne a salary of $100,000 per year, which was later increased to $120,000 per year.  Wayne McCurley also made Dianne a twenty-five percent (25%) owner of Gold Star, with Deryl ("Pete") Lewis owning a thirty-three (33%) interest and Wayne McCurley retaining the balance, or approximately forty-two percent (42%) (the "Shareholder Agreement"). Dianne's percentage ownership in Gold Star was affirmed by Wayne McCurley and Lewis on many occasions.

15.    Wayne McCurley can be charitably described as a tyrant of the highest order. He possessed a volcanic temper which could be set off at the slightest provocation.  He would commonly badger and browbeat his friends, family and particularly his employees until they submitted to his will.  Dianne and members of her family were frequent targets of Wayne McCurley's wrath.  Since Dianne first started working for Wayne McCurley, he routinely demanded that she and other people sign his name to official company documents, particularly Dianne.  This would

5

1   be the case even if Wayne McCurley was available to sign a document himself. Wayne

2   McCurley often threatened to fire Dianne if she did not comply.  To keep her job and

3   avoid mistreatment from Wayne McCurley, Dianne did as she was told.

4      16.   Westech and Gold Star had chronic cash flow problems.  Wayne

5   McCurley was aware of this fact, yet refused to deal with the shortage, often requiring

6   Dianne and Shanyn to personally pay for Westech expenses, including expenses to

7   cover payroll.  In addition, Wayne McCurley repeatedly asked Dianne to allow

8   Westech to defer payment of her compensation, including the ten percent annual

9   profits owed to her.  As one way to make right on his debt to Dianne, Wayne

10  McCurley further told Dianne to have Westech pay for her various personal expenses.

11  Wayne McCurley also instructed Charles to be paid partially "under the table."

12  Wayne McCurley particularly liked this method of payment for both Dianne and

13  Charles as the company would be able to claim tax deductions for these expenses and,

14  at the same time, the payments would not be reflected on W-2 statements - which

15  would lower the company's employer tax.  At the time Dianne was terminated,

16  Westech still had not paid her all the compensation (including her percentage of the

17  company's profits under the Profit Sharing Agreement) that she was entitled to

18  receive.

19     17.   In order to account for the payments that Westech would be making for

20  Dianne's personal expenses, Dianne opened a separate bank account at American

21  Security Bank (formerly Sun Country Bank) in Westech's name. The account was

22  funded by Westech's general account, and used to pay Dianne's personal expenses and

23  portions of Charles' wages.  Wayne McCurley knew of, approved of and, indeed,

24  insisted upon Westech paying Dianne's personal expenses as a way to make good, in

6

COMPLAINT

part, on the amount of compensation owed to her, and paying for a portion of Charles' wages. Pete Lewis was fully aware of the expense account and agreed to its use and purpose. Wayne McCurley and Dianne clearly understood that there was a gap between the amount that Dianne earned and the amount she was actually paid. The amount which Westech owed Dianne Smith for back pay and profit sharing in Westech is estimated to be at least $1.9 million.

18.     At Wayne McCurley's instruction, Westech was "cooking the books." Employees would be paid a fraction of their actual earned income and to "make up the difference," Wayne McCurley demanded that Dianne pay employees an equivalent amount falsely labeled as "Per Diem" or "Equipment Rental" or a similar description. Wayne McCurley, his family members, and many other employees were compensated in this manner. Over a five year period Wayne McCurley himself was paid approximately 43% of his compensation as legitimate salary, with the balance being paid improperly as "Per Diem". At one point, pursuant to Wayne McCurley's demands, Westech was reporting less than forty percent (40%) for workers compensation and liability insurance.

19.     Plaintiff is further informed and believes and based thereon alleges that this practice had another practical benefit for Wayne McCurley. The employer portion of federal and state payroll taxes are calculated on the basis of earned income (as are many types of employee insurance) most particularly workers' compensation insurance and liability insurance. By underreporting earned income, Wayne McCurley was able to reduce Westech's expenses in those areas. Wayne McCurley's practice of underreporting payroll was known by many people, including third parties. Wayne McCurley even admitted to Charles Smith that Wayne has always operated his

7

COMPLAINT

1  businesses in this manner, and that it was "impossible to stay in business in California

2  and report honestly".

3       20.     Over the years, and without Wayne McCurley's knowledge, Dianne

4  gradually began correcting Westech's payroll figures to bring them closer to

5  compliance with its reporting obligations. She did so contrary to Wayne McCurley's

6

7  express instructions.  When Wayne McCurley later learned of Dianne's attempt to

8  bring Westech into compliance, he demanded that she return to the former practice of

9  underreporting wages and salaries.  Dianne refused to do so which led, in part, to

10 Wayne McCurley's termination of her employment in December, 2007.

11       21.     During Dianne's employment with Hutchins Communications and later

12 Westech, her workdays consistently lasted 12-15 hours a day during the week, and

13

14 she worked significant amounts of time on weekends and holidays. She was always

15 "on call," as it was not unusual for Wayne McCurley to call her at home several times

16 every day with requests and demands for information.  She infrequently took vacation

17 or sick days. The long hours which Dianne continued to put in and the abusive

18 confrontations that the Smiths had with Wayne McCurley began to take a significant

19 toll on her physical and mental health.  In December, 2007, Dianne sought medical

20 attention, and was diagnosed with an irregular heartbeat, high blood pressure, and

21 severe stress and anxiety. Her physician prescribed medication and specifically

22 instructed her to stay off work for three weeks. Wayne McCurley

23

24 refused to allow her to take the time off, and said that there were more "urgent"

25 matters that needed tending. One particular Thursday evening, Wayne McCurley

26 yelled at Dianne for thirty minutes for suggesting that she follow her physician's

27 advice and stay off work.

28                                      8

22.     Dianne followed her physician's advice and did not return to work. When Dianne received a notice for jury duty in December 2007, Wayne McCurley demanded that Dianne use her medical condition as a pretext for being excused from duty so that she should "get [her] ass back to the office."

23.     After Dianne's physician advised her to stop working in December 2007, Dianne continued to refuse to comply with Wayne McCurley's wrongful demands - which led to a number of confrontations between Wayne McCurley, on one side, and Dianne and her other family members, on the other side. On December 21, 2007, Dianne, Charles and Shanyn collectively agreed that they would no longer tolerate Wayne McCurley's illegal conduct.  Charles called Wayne McCurley and told him that Shanyn and Dianne would no longer "cheat" for him, and that Dianne would not be at work for three weeks per her physician's instructions.  On December 27, 2007, Dianne, Charles and Shanyn received letters from Wayne McCurley informing them that their employment was terminated.  These terminations were followed by the filing, on or about February 28, 2008, of a civil state court lawsuit entitled *Westech Industries, Inc. et al. v. Dianne Smith, et al.* in the San Bernardino County Superior Court, Victorville District, Case No. CIVV S801063.  The filing of that lawsuit is just another example of many in which Wayne McCurley lies, cheats and deceives, only to later attempt to shift the blame to others when things do not go his way.  Plaintiff is informed and believes and based thereon alleges that in connection with that lawsuit, Wayne McCurley has knowingly and maliciously intimidated witnesses who have knowledge supporting the allegations contained herein, and knowingly and maliciously committed other violations of California Penal Code Section 136.1, and other California authorities prohibiting evidence tampering and witness harassment.

9

COMPLAINT

On or about June 3, 2008, Dianne, Charles, Shanyn and Dianne's other family members filed a cross-complaint in that action (the Complaint and Cross-Complaint are hereinafter referred to as "the Underlying Action").  On or about September 30, 2008, defendant Shanyn Smith filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, Central District of California, Riverside Division (Case No. 6:08-bk-23324-RN) ("the Bankruptcy Case").  On or about November 8, 2008, plaintiffs in the Underlying Action filed a Notice of Removal to United States District Court of California, Central District, Riverside Division, in an attempt to initiate an adversary proceeding in the Bankruptcy Case.

## FACTUAL ALLEGATIONS DIRECTLY RELEVANT TO ERISA CLAIMS

24.    In connection with her employment with Westech, Dianne participated in and contributed to a 401K retirement plan offered through her employment entitled the Westech/Gold Star 401K Plan (Plan No. 342062-01) ("the 401K Plan") established through defendant American Funds.  Dianne first enrolled in and contributed to the 401K Plan when the 401K Plan was first established and offered to employees, and was still enrolled in the 401K Plan, and was a fully vested participant when she was terminated on or about December 27, 2007.

25.    Plaintiff is informed and believes and based thereon alleges that Wayne McCurley, Ruby McCurley and Does 1-50 inclusive, became the plan administrators and/or trustees for the 401K Plan after plaintiff's employment was terminated on or about December 27, 2007.

26.    On or about January 31, 2008, after Dianne's employment was terminated, Dianne sought to rollover her account with the 401K Plan with the idea

COMPLAINT

that she would liquidate these assets in the near future. In this regard, Dianne completed and submitted a written request for the balance of her account with the 401K Plan to be rolled over to an American Funds IRA account. Pursuant to proper procedure, Dianne submitted this written request to the 401K Plan's financial advisor Mark Boucher of Raymond James Financial Services, Inc. located in Vista, California. Plaintiff is informed and believes and based thereon alleges that Mr. Boucher followed normal procedure and attempted to process Dianne's direct rollover request, but was unable to complete the rollover request on her behalf because the 401K Plan's then current plan administrators, defendants Wayne McCurley, Ruby McCurley and Does 1 through 50 inclusive, refused to sign the necessary paperwork to complete the rollover. Plaintiff is informed and believes and based thereon alleges that Defendant American Funds failed to process plaintiff's rollover request because it lacked the required signatures of the plan's administrators Wayne McCurley and/or Ruby McCurley. Defendants conduct was in violation of the 401K Plan and ERISA. Since that time, plaintiff, on her own and through her attorney of record in the Underlying Action, has sent written letters to counsel for Westech and Gold Star in the Underlying Action, demanding information regarding the status of the 401K Plan and demanding that the 401K Plan's administrators take immediate action to process Dianne's rollover request. No response was received from Wayne McCurley, Ruby McCurley, Westech, Gold Star or counsel in the Underlying Action, and plaintiff has received no documentation regarding the status of the 401K Plan or her rights under the 401K Plan.

27.   As an employee of Westech, Dianne was also a participant in, and enrollee and beneficiary of, an HMO health plan through Blue Cross of California

11

(whose trade name is Anthem Blue Cross) entitled the Westech/Gold Star Group Health (Blue Cross Group Plan No. 56434A) (the "Health Benefit Plan"). At the time of her termination, Defendants Wayne McCurley, Ruby McCurley, and Does 1 through 50, wrongfully terminated all of Dianne's health coverage under the Health Benefit Plan and failed to comply with the required COBRA reporting, notification and disclosure duties they owed to plaintiff and the other plan participants in violation of ERISA. Dianne repeatedly demanded information from Defendants regarding her COBRA rights, yet Defendants wrongfully and intentionally ignored her requests. Dianne's counsel of record in the Underlying Case also sent Wayne McCurley, Westech and Gold Star numerous written demands for the information and/or documentation necessary for Dianne to timely obtain COBRA coverage. Such demands were also ignored. After many weeks, defendants finally responded to Dianne's demands for information, however, counsel for Dianne in the Underlying Action had to negotiate with Blue Cross of California to have Dianne's insurance reinstated so that she could obtain COBRA coverage which would be retroactively effective from the date of her termination. Defendants conduct was in violation of applicable federal law and cause for assessment of appropriate civil and statutory penalties against defendants under applicable ERISA law, and other appropriate relief.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty As to 401K Plan against Defendants Wayne McCurley, Ruby McCurley, and Does 1-20)

28. Plaintiff refers to and herein incorporates Paragraphs 1 through 27 of this Complaint as though set forth herein in full.

X:\D\387-02\Pleadings\ERISA complaint.DOC

29.     As part of their responsibilities to the 401K Plan, and for all relevant time periods, defendants Wayne McCurley and Ruby McCurley, and Does 1 through 20, had discretionary control over the management of the 401K Plan. Therefore, such defendants were fiduciaries to the 401K Plan and its participants and beneficiaries within the meaning of 29 U.S.C. Section 1001(21). As fiduciaries, defendants Wayne McCurley and Ruby McCurley, and Does 1 through 20, had a high duty of care and loyalty to be sure that the procedurals and instructions relating to rolling over participants' and beneficiaries' accounts were clear, understandable and complete.

30.     Defendants Wayne McCurley and Ruby McCurley breached their fiduciary duties to the 401K Plan and its plan participants by, among other things, failing to process plaintiff's request to rollover the balance of her account with the 401K Plan to an individual IRA, failing to respond in any manner to plaintiff's written demand letters to process the rollover, and failing to provide written documentation upon plaintiff's requests regarding the status of her account or the 401K Plan.

31.     Plaintiff is entitled to receive the benefit of the value of her investments held by defendants Wayne McCurley, and Ruby McCurley, and Does 1 through 20, as fiduciaries as of the time plaintiff first attempted to rollover her account holdings.

32.     Since January, 2009, the stock market has declined severely. If plaintiff had been able to rollover her account, she would have had control over the account in order to liquidate the funds, and had the intention of so liquidating the funds. As a result of defendants' refusal to process plaintiff's rollover request, plaintiff has been damaged. Between the time plaintiff first attempted to rollover the funds in her

13

COMPLAINT

account and the present date, plaintiff has been damaged in an amount to be determined according to proof at trial.

33.     Plaintiff is entitled to recover all monetary losses sustained as a result of defendants' breaches, including prejudgment interest, and the disgorgement of any additional amounts by which defendants have been enriched by their wrongful conduct, and all other appropriate relief.

## SECOND CAUSE OF ACTION

**(Breach of Fiduciary Duty on Behalf of Westech/Gold Star 401K Plan Against Wayne McCurley, Ruby McCurley, and Does 10-20)**

34.     Plaintiff refers to and herein incorporates Paragraphs 1 through 33 of this Complaint as though set forth herein in full.

35.     As fiduciaries to the 401K Plan, defendants Wayne McCurley, Ruby McCurley and Does 10 through 20, owed a high duty of care to the plan participants and owed a duty to disclose all relevant information of which they had knowledge.

36.     Plaintiff is informed and believes that defendants Wayne McCurley, Ruby McCurley and Does 10 through 20, knowingly ignored participants' demands for information regarding the status of the 401K Plan and have misused and/or fraudulently disbursed, transferred or otherwise disposed of funds belonging to plan participants for defendants own wrongfully purposes.

37.     Defendants Wayne McCurley, Ruby McCurley and Does 10 through 20, knew or should have known such actions were in violation of the 401K Plan and ERISA.

14

COMPLAINT

38.     The wrongful actions of defendants Wayne McCurley, Ruby McCurley and Does 10 through 20 inclusive, were performed in connection with their fiduciary duties owed to the 401K Plan and its participants.

39.     As a result of such breaches, the 401K Plan is entitled to recover all monetary losses sustained as a result of defendants' breaches, including prejudgment interest, and the disgorgement of any additional amounts by which defendants have been enriched by their wrongful conduct, and all other appropriate relief.

40.     Further, as a result of such breaches by defendants Wayne McCurley, Ruby McCurley and Does 10 through 20 inclusive, such defendants should be permanently enjoined from any further control over the handling of the 401K Plan or the funds held in connection therein, including but not limited to, transferring, using, withdrawing, disbursing or otherwise disposing of any 401K Plan related funds.

### THIRD CAUSE OF ACTION

**(Breach of Fiduciary Duty As to Health Benefit Plan against Defendants Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, and Does 1-20)**

41.     Plaintiff refers to and herein incorporates Paragraphs 1 through 40 of this Complaint as though set forth herein in full.

42.     As part of their responsibilities to the Health Benefit Plan, and for all relevant time periods, defendants Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, and Does 1 through 20, had discretionary control over the management of the Health Benefit Plan.  Therefore, such defendants were fiduciaries to the Health Benefit Plan and its participants and beneficiaries within the meaning of 29 U.S.C. Section 1001(21).  As fiduciaries, defendants Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, and Does 1 through 20, had a high duty of

15

X:\D\387-02\Pleadings\ERISA complaint.DOC

care and loyalty to ensure that they properly managed the Health Benefit Plan and complied with all COBRA reporting, notification and disclosure requirements under ERISA.

43.     Defendants Wayne McCurley and Ruby McCurley, and Does 1 through 20, breached their fiduciary duties to the Health Benefit Plan and its plan participants by, among other things, wrongfully terminating plaintiff's health coverage in or about December, 2007, failing to notify plaintiff of her COBRA rights, and failing to timely correct their wrongful actions.

44.     Plaintiff is entitled to recover all monetary losses sustained as a result of defendants' breaches, including prejudgment interest, and the disgorgement of any additional amounts by which defendants have been enriched by their wrongful conduct, and all other appropriate relief.

### FOURTH CAUSE OF ACTION

**(Claim for Recovery of 401K Plan Benefits, Enforcement of Rights under 401K Plan, and Clarification of Rights against Defendants Westech/Gold Star 401K Plan, American Funds, Wayne McCurley, Ruby McCurley, and Does 1-30)**

45.     Plaintiff refers to and herein incorporates Paragraphs 1 through 44 of this Complaint as though set forth herein in full.

46.     This is a claim to recover benefits, enforce rights and clarify right to current and future benefits under 29 USC Section 1132(a)(1)(B).

47.     Pursuant to Section 1132(a)(1)(B), plaintiff, as a participant of the 401K Plan, is entitled to sue for a judicial determination and enforcement of benefits.

48.     In violation of the 401K Plan and ERISA, defendants Wayne McCurley, Ruby McCurley, the 401K Plan, American Funds and Does 1 through 30, have failed

16

to process, and in fact, have impeded the processing of plaintiff's request to rollover her account with the 401K Plan, which she is entitled to under the terms of the 401K Plan.

49.    Given the lack of any response to plaintiff's rollover request and the failure on the part of defendants to respond in any manner to plaintiff's demands, or to provide any documentation regarding plaintiff's rights as a plan participant as requested by plaintiff, any attempt by plaintiff to exhaust administrative remedies in this case would be futile and would provide an inadequate remedy, and therefore is not required.

50.    Plaintiff is entitled to recover the total amount in her account with the 401K Plan as of January 31, 2008, which plaintiff believes to be over $160,000, as well as prejudgment interest, costs and all other appropriate relief.

## FIFTH CAUSE OF ACTION

**(Claim For Interference with Protected Rights Against Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, Westech/Gold Star 401K Plan, Westech/Gold Star Health Benefit Plan and Does 1-40)**

51.    Plaintiff refers to and herein incorporates Paragraphs 1 through 50 of this Complaint as though set forth herein in full.

52.    Pursuant to 29 USC Section 1140, it is unlawful for any person to take adverse action for the purpose of interfering with the attainment of any right to which employees may be entitled under ERISA.

53.    Defendants wrongful conduct as alleged above relating to the 401K Plan and the Health Benefit Plan violates 29 USC Section 1140 and constitutes an improper interference with plaintiff's protected rights entitling her to appropriate

17

relief including damages in the amount to be determined at trial, and all other appropriate relief.

## SIXTH CAUSE OF ACTION

**(Claim for Statutory and Civil Penalties for Violation of COBRA Notification Requirements against Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert and Does 1-50)**

54.    Plaintiff refers to and herein incorporates Paragraphs 1 through 53 of this Complaint as though set forth herein in full.

55.    As part of their responsibilities to the Health Benefit Plan, and for the relevant time periods, plaintiff is informed and believes and based thereon alleges that defendants Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, and Does 1 through 50, were the plan administrators, sponsors, employer representatives, and/or the trustees of the Health Benefit Plan and were responsible for all reporting, disclosure and notification requirements relating to the Health Benefit Plan under ERISA.

56.    Under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 USC Sections 1161-68, a sponsor of a group health plan must provide plan participants and their covered beneficiaries with the opportunity to continue coverage under the plan if group coverage is lost as a result of a qualifying event, such as termination of the covered employee's employment. After plaintiff's employment was terminated, defendants Wayne McCurley, Ruby McCurley, Kellie Shelton, Cappy Probert, and Does 1 through 50, as the Health Benefit Plan's plan administrators, sponsors, employer representatives, and/or the trustees failed to provide plaintiff with timely notice of COBRA rights under ERISA.

18

6.      For applicable civil and statutory penalties under ERISA, including but not limited to, at least $100 per day for everyday defendants have committed reporting, notification and disclosure violations relating to the 401K Plan, and at least $100 per day for everyday defendants have committed reporting, notification and disclosure violations relating to the Health Benefit Plan;

7.      For prejudgment interest; and

8.      For other such appropriate relief, including equitable relief.

LANZA & GOOLSBY
A Professional Law Corporation

Dated: January 12, 2009

By _____
Susan R. Loh
Attorneys for Dianne Smith

COMPLAINT

X:\D\387-02\Pleadings\ERISA complaint.DOC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Dianne Smith, an individual,

PLAINTIFF(S)

v.

Westech Industries, Inc.; Gold Star
Equipment Rentals, Inc.; (see
attachment for additional defendants)

DEFENDANT(S).

CASE NUMBER

ED CV 09 - 00103 VAP (RCx)

**SUMMONS**

TO:   DEFENDANT(S): (See Attachment for Defendants)

A lawsuit has been filed against you.

Within (20) days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Susan Loh, Esq. _____ , whose address is Lanza & Goolsby, 3 Park Plaza, Ste. 1650, Irvine, CA 92614 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: JAN 1 5 2009

By: J. Murray

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

CCD-1A

1  Anthony L. Lanza, Bar No. 156703
   Susan R. Loh, Bar No. 174246
2  LANZA & GOOLSBY
   A Professional Law Corporation
3  3 Park Plaza, Suite 1650
   Irvine, California 92614-8540
4  Telephone (949) 221-0490
   Facsimile (949) 221-0027
5
   Attorneys for Plaintiff
6  Dianne Smith

7
                 UNITED STATES DISTRICT COURT
8
        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
9

10
    DIANNE SMITH, an individual,          )  Case No.:
11                                         )
                                           )  **COMPLAINT FOR:**
12            Plaintiff                    )
                                           )  **1) BREACH OF FIDUCIARY DUTY**
13  vs.                                    )  **AS TO 401K PLAN UNDER ERISA**
                                           )
14                                         )  **2) BREACH OF FIDUCIARY DUTY**
    WESTECH INDUSTRIES, INC.; GOLD         )  **UNDER ERISA ON BEHALF OF**
15  STAR EQUIPMENT RENTALS, INC.;          )  **WESTECH/GOLD STAR 401K PLAN**
16  LEON WAYNE MCCURLEY, an                )  **3) BREACH OF FIDUCIARY DUTY**
    individual; RUBY MCCURLEY, an          )  **AS TO HEALTH BENEFIT PLAN**
17  individual; KELLIE SHELTON, an         )  **UNDER ERISA**
18  individual; CAPPY PROBERT, an          )  **4) RECOVERY OF PLAN BENEFITS**
    individual; WESTECH/GOLD STAR          )  **PURSUANT TO 29 USC SECTION**
19  401K PLAN (PLAN No. 342062-01);        )  **1132(a)(1)(B)**
20  WESTECH/GOLD STAR GROUP                )  **5) INTERFERENCE WITH**
    HEALTH PLAN (BLUE CROSS                )  **PROTECTED RIGHTS UNDER**
21  GROUP PLAN NO. 56434A);                )  **ERISA**
22  AMERICAN FUNDS DISTRIBUTORS,           )  **6) STATUTORY AND CIVIL**
    INC.; and DOES 1 through 50, inclusive,)  **PENALTIES FOR VIOLATION OF**
23                                         )  **COBRA NOTIFICATION**
                                           )  **REQUIREMENTS**
24            Defendants.                  )
25  _____ )

26
          Plaintiff Dianne Smith hereby alleges as follows:
27

28
                                    1
X:\D\387-02\Pleadings\ERISA complaint.DOC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 103 VAP (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Dianne Smith, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | ED CV 09 - 00103 VAP (RCx) |
| v. | |
| Westech Industries, Inc.; Gold Star Equipment Rentals, Inc.; (see attachment for additional defendants) | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): <u>(See Attachment for Defendants)</u>

A lawsuit has been filed against you.

Within <u>(20)</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint  [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Susan Loh, Esq.</u> , whose address is <u>Lanza & Goolsby, 3 Park Plaza, Ste. 1650, Irvine, CA 92614</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: __JAN 1 5 2009__

By: _____

L. MURRAY

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1  Anthony L. Lanza, Bar No. 156703
   Susan R. Loh, Bar No. 174246
2  LANZA & GOOLSBY
   A Professional Law Corporation
3  3 Park Plaza, Suite 1650
   Irvine, California 92614-8540
4  Telephone (949) 221-0490
   Facsimile (949) 221-0027
5
   Attorneys for Plaintiff
6  Dianne Smith

7                  UNITED STATES DISTRICT COURT
8
       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
9

10
   DIANNE SMITH, an individual,          ) Case No.:
11                                        )
              Plaintiff                   ) **COMPLAINT FOR:**
12                                        )
                                          ) **1) BREACH OF FIDUCIARY DUTY**
13 vs.                                    ) **AS TO 401K PLAN UNDER ERISA**
                                          )
14                                        ) **2) BREACH OF FIDUCIARY DUTY**
   WESTECH INDUSTRIES, INC.; GOLD         ) **UNDER ERISA ON BEHALF OF**
15 STAR EQUIPMENT RENTALS, INC.;          ) **WESTECH/GOLD STAR 401K PLAN**
                                          )
16 LEON WAYNE MCCURLEY, an                ) **3) BREACH OF FIDUCIARY DUTY**
   individual; RUBY MCCURLEY, an          ) **AS TO HEALTH BENEFIT PLAN**
17 individual; KELLIE SHELTON, an         ) **UNDER ERISA**
   individual; CAPPY PROBERT, an          )
18                                        ) **4) RECOVERY OF PLAN BENEFITS**
   individual; WESTECH/GOLD STAR          ) **PURSUANT TO 29 USC SECTION**
19 401K PLAN (PLAN No. 342062-01);        ) **1132(a)(1)(B)**
   WESTECH/GOLD STAR GROUP                )
20 HEALTH PLAN (BLUE CROSS                ) **5) INTERFERENCE WITH**
                                          ) **PROTECTED RIGHTS UNDER**
21 GROUP PLAN NO. 56434A);                ) **ERISA**
   AMERICAN FUNDS DISTRIBUTORS,           )
22 INC.; and DOES 1 through 50, inclusive,) **6) STATUTORY AND CIVIL**
                                          ) **PENALTIES FOR VIOLATION OF**
23                                        ) **COBRA NOTIFICATION**
              Defendants.                 ) **REQUIREMENTS**
24                                        )
25 ─────────────────────────────────────  )

26
          Plaintiff Dianne Smith hereby alleges as follows:
27

28                                    1

                              COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

Dianne Smith, an individual.

**DEFENDANTS**

Westech Industries, Inc.; Gold Star Equipment Rentals, Inc.; Leon Wayne McCurley, an individual; Ruby McCurley, an individual; (see attachment for additional defendants)

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): San Bernardino

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): San Bernardino

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Susan R. Loh, Esq.
Lanza & Goolsby, APLC
3 Park Plaza, Ste. 1650
Irvine, CA 92614-8540

949-211-0490

Attorneys (If Known)

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     **MONEY DEMANDED IN COMPLAINT: $** over $160,000

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C Section 1000 et.seq.

Breach of Fiduciary Duty & Claim for Enforcement of Rights under Erisa

**VII.  NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litig.
- ☒ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: FILED  CV 09 - 00103 VAP

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

JAN 15 2009                    CCD-JS44

RCX

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): <u>San Bernardino County Superior Court - CIVVS 801063</u>

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Dianne Smith - San Bernardino County

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Westech Industries, Inc. - San Bernardino County; Gold Star Equipment Rentals, Inc.- San Bernardino County; Leon Wayne McCurley - San
Joaquin County; Ruby McCurley - San Joaquin County; Kellie Shelton - San Bernardino County;  (See attachment for additional  defendants' county

List the California County, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

San Bernardino County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date <u>January 13,2009</u>

Susan Loh, Esq.  (Bar No. 174246)

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Anthony L. Lanza, Bar No. 156703
Susan R. Loh, Bar No. 174246
LANZA & GOOLSBY
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
Facsimile (949) 221-0027

Attorneys for Plaintiff
Dianne Smith

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DIANNE SMITH, an individual,<br><br>       Plaintiff<br><br>vs.<br><br>WESTECH INDUSTRIES, INC.; GOLD STAR EQUIPMENT RENTALS, INC.; LEON WAYNE MCCURLEY, an individual; RUBY MCCURLEY, an individual; KELLIE SHELTON, an individual; CAPPY PROBERT, an individual; WESTECH/GOLD STAR 401K PLAN (PLAN No. 342062-01); WESTECH/GOLD STAR GROUP HEALTH PLAN (BLUE CROSS GROUP PLAN NO. 56434A); AMERICAN FUNDS DISTRIBUTORS, INC.; and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF FIDUCIARY DUTY AS TO 401K PLAN UNDER ERISA**<br><br>**2) BREACH OF FIDUCIARY DUTY UNDER ERISA ON BEHALF OF WESTECH/GOLD STAR 401K PLAN**<br><br>**3) BREACH OF FIDUCIARY DUTY AS TO HEALTH BENEFIT PLAN UNDER ERISA**<br><br>**4) RECOVERY OF PLAN BENEFITS PURSUANT TO 29 USC SECTION 1132(a)(1)(B)**<br><br>**5) INTERFERENCE WITH PROTECTED RIGHTS UNDER ERISA**<br><br>**6) STATUTORY AND CIVIL PENALTIES FOR VIOLATION OF COBRA NOTIFICATION REQUIREMENTS** |

Plaintiff Dianne Smith hereby alleges as follows:

1

COMPLAINT

X:\D\387-02\Pleadings\ERISA complaint.DOC

MC-025

| SHORT TITLE: Dianne Smith, v. Westech Industries, Inc. et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): 1_____                                    Page 3___ of 3___
*(This Attachment may be used with any Judicial Council form.)*                 *(Add pages as required)*

**Attachment re: additional defendant counties continued:**

Cappy Probert - Ventura County

Westech/Gold Star 401K Plan (Plan No., 342062-01) - San Bernardino County

Westech/Gold Star Group Health Plan (Blue Cross Group Plan No. 56434A) - San Bernardino County

American Funds Distributors,Inc. - Los Angeles County

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

Legal
Solutions
Plus